# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>R-LYNN DEAN LITTLEDOG,<br><br>Defendant. | CR-09-68-GF-DLC-RKS-01<br><br>**FINDINGS AND RECOMMENDATION TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |

## I. Synopsis

Mr. Littledog was charged with violating the conditions of his supervised release by using marijuana, failing to comply with sexual offender registry requirements, and consuming alcohol. He admitted to two of the violations. Mr. Littledog's supervised release should be revoked. He should be sentenced to 18 months imprisonment but no additional supervised release.

## II. Status

Mr. Littledog plead guilty in 2009 to Abusive Sexual Contact. Doc. 30. He was sentenced to 43months in prison, with five years supervised release to follow. Doc. 34. He began his supervision period in December 2012. Doc. 51 at 2. Mr. Littledog had a noncompliance hearing with his probation officer the first day of

his supervision because he reported to intake under the influence of alcohol. Doc. 51 a 2. Mr. Littledog's supervised release was revoked in February 2013 because he failed to complete sex offender treatment, failed to comply with sexual offender registration requirements, and did not notify his probation officer before changing his place of residence. Docs. 36, 47. He was ordered into custody for 9 months, with 50 months supervised release to follow. Doc. 47. Mr. Littledog began his current supervised release term on October 10, 2013. Doc. 51.

**Petition**

The United States Probation Office filed a petition on October 24, 2013, requesting that Mr. Littledog's supervised release be revoked. Doc. 51. The petition alleged that Mr. Littledog had violated the conditions of his supervised release by 1) smoking marijuana on October 22, 2013, in violation of the Preamble to the Standard Conditions; 2) failing to register with the Blackfeet Tribe as a sex offender on October 22, in violation of Special Condition 2; and 3) consuming alcohol on October 21 and 22 in violation of Special Condition 9. Based on the petition, the undersigned issued an arrest warrant for Mr. Littledog on October 24, 2013. Doc. 50.

**Initial appearance**

Mr. Littledog was arrested on October 29, 2013. Doc. 52. He appeared

before the undersigned on October 30.  Mr. Littledog was accompanied by Federal Defender R. Henry Branom, who was appointed as counsel.  The United States was represented by Assistant United States Attorney Laura Weiss.  Mr. Littledog said he had read the petition and understood the allegations.  He waived his right to a preliminary hearing.

Ms. Weiss warned Mr. Littledog that he could be incarcerated for up to 60 months if his supervised release is revoked.  The undersigned informed Mr. Littledog that a revocation hearing would be held, and based on that hearing a recommendation would be made to United States District Judge Dana L. Christensen, who will decide whether to revoke Mr. Littledog's supervised release and what, if any, sanction to impose.  Mr. Littledog was instructed that he will have 14 days to object to the recommendation before Judge Christensen makes his decision.  Mr. Branom said he and Mr. Littledog were prepared to proceed immediately to the revocation hearing, so it commenced.

**Revocation hearing**

Mr. Littledog was present at the revocation hearing with Mr. Branom.  Ms. Weiss appeared for the United States.  Mr. Littledog admitted to Violations 1and 3.  The United States dismissed Violation 2.

The undersigned believes that Mr. Littledog's admissions establish the

violations, and that the violations merit revocation of his supervised release. Mr. Littledog's violation grade is C, his criminal history category is 1, and the underlying violation is Class A. He could be incarcerated for up to 60 months. The United States Sentencing Guidelines call for 3 to 9 months imprisonment. U.S. Guidelines Manual, Ch. 7. He could be ordered to remain on supervised release for up to 50 months, less any custodial time imposed. Mr. Branom and Ms. Weiss agreed with that statement of potential penalties.

Mr. Branom requested that no further supervised release be imposed, even if that means Mr. Littledog will face a custodial sentence at or above the top of the guideline range. He said Mr. Littledog is completely unable to comply with the conditions of supervised release. He argued that a sanction of custodial time without supervised release may be the only way for Mr. Littledog to complete his sentence and move on. Mr. Branom noted that Mr. Littledog's violations were part of his ongoing chemical dependency problem, but did not directly endanger the community.

Mr. Littledog addressed the Court. He said he simply cannot comply with supervised release conditions, and requested the court discontinue supervision.

Ms. Weiss requested a sanction of 24 months imprisonment. She agreed that supervised release should be discontinued since it is futile in Mr. Littledog's case.

Ms. Weiss said a custodial term above the guideline range is justified because Mr. Littledog has already had his supervised release revoked once, but violated his conditions again almost immediately on his release.

## Analysis

Mr. Littledog's supervised release should be revoked. He admitted violating conditions very soon after his release. He should be ordered into custody for 18 months. Mr. Littledog's candid acknowledgment that he is simply unable to comply with conditions is appreciated. However, he was ordered to follow those conditions by the court, and his abject failure to do so – again – justifies the significant upward departure. Incarceration beyond the guideline range is also appropriate in lieu of additional supervised release. Supervision appears to have no bearing whatsoever on Mr. Littledog's behavior, and serves only to subject him to additional prison time.

## Conclusion

Mr. Littledog was informed that the sanction described above would be recommended to Judge Christensen. Mr. Littledog was reminded of his right to object to the Findings and Recommendations within 14 days of their issuance.

The Court makes the following **FINDING:**

1. Mr. Littledog violated the Preamble to Standard Conditions in his supervised release by consuming marijuana on October 22, 2013.

2. Mr. Littledog violated Special Condition 9 of his supervised release by consuming alcohol on October 21 and 22, 2013.

It is thus **RECOMMENDED:**

1. The District Court enter the attached Judgement, revoking Mr. Littledog's supervised release and committing Mr. Littledog to the custody of the United States Bureau of Prisons for a term of imprisonment of 18 months.

2. The District Court should dismiss Violation No. 2 in the Petition, Doc. 51.


### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Littledog may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and

Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to allocute before the district judge.

DATED this 31st day of October, 2013.

Keith Strong
United States Magistrate Judge